IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RANDY GLENN JOHNSON,

    Plaintiff,

vs.   No. 07-2216-B/V

SHELBY COUNTY, et al.,

    Defendants.

ORDER OF DISMISSAL
AND
ORDER VACATING OCTOBER 4, 2007 ORDER

On March 23, 2007, Plaintiff Randy Glenn Johnson, R&I number 253011, an inmate at the Shelby County Correctional Center in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 that was not signed by Plaintiff, as required by Fed. R. Civ. P. 11(a). The Court issued an order on August 27, 2007 directing Plaintiff, within thirty (30) days, to file another copy of his complaint bearing his original signature.

Plaintiff has not complied with the August 27, 2007 order, and the time set for compliance has expired. The order advised Plaintiff that "[f]ailure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." 08/27/07 Order at 2. The complaint is, therefore, STRICKEN, pursuant to Fed. R. Civ. P. 11(a), and the action is DISMISSED, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

In most cases submitted by prisoners, the Court would be required to assess the civil filing fee notwithstanding the dismissal of the action, because the responsibility for paying the filing fee accrues at the time the complaint is filed. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997); <u>cf.</u> <u>In re Alea</u>, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee). In this case, however, the case was never properly filed, the complaint has been stricken, and, therefore, no filing fee will be assessed.

The order issued on October 4, 2007, which contained the wrong heading, is VACATED.

IT IS SO ORDERED this 12th day of October, 2007.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE